IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:25-cv-2506-S-BN |
| FEDERAL INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER AND NOTICE OF DEFICIENCY REGARDING SUBJECT MATTER JURISDICTION**

The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

But the Court has an independent duty to ensure that there is subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). "A defect in the district court's subject matter jurisdiction ... may be raised at any time by the parties or the court itself and cannot be waived." *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290-91 (5th Cir. 1987). "If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Diversity jurisdiction under 28 U.S.C. § 1332 is the only basis for federal subject matter jurisdiction that Plaintiff Mid-Continent Casualty Company ("Mid-Continent") invokes in its Original Complaint. *See* Dkt. No. 1 at 2-3.

For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

But, if a party is an unincorporated association, "the citizenship of each member must be considered." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

In its Original Complaint, Mid-Continent pleads that it is "an insurance company organized and existing under the laws of the State of Ohio, having its principal place of business in Tulsa, Oklahoma." Dkt. No. 1 at 2. And it pleads that Defendant Federal Insurance Company is "an insurance company organized and existing under the laws of the State of Indiana, having a principal place of business in Whitehouse Station, New Jersey." *Id.*

But Mid-Continent does not clarify whether it and Federal Insurance Company are corporations or unincorporated entities. If either party is not incorporated, then Mid-Continent must allege the citizenship of each of the entity's members. *See Getty Oil Corp.*, 841 F.2d at 1258.

And "lack of clarity does not satisfy our requirement of 'clear, distinct, and precise affirmative jurisdictional allegations.'" *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023) (quoting *Getty Oil Corp.*, 841 F.2d at 1259).

Because Mid-Continent's Complaint does not specify the type of corporate entity that each party is, it does not meet the pleading standard required to invoke diversity jurisdiction.

And so, because Mid-Continent, as the party invoking the Court's subject-matter jurisdiction under 28 U.S.C. § 1332, has not adequately alleged either party's citizenship, it must file a written response to this Order to properly plead the citizenship of all parties by **October 8, 2025**.

Failure to do so will result in a recommendation of dismissal under Federal Rule of Civil Procedure 12(h)(3).

SO ORDERED.

DATED: September 24, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE